UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL WYSE, as Plan Administrator for the
Voyager Wind-Down Debtor,

                          Plaintiff,

          -against-                                  24 **CIVIL** 9108 (PAE)

                                                            **JUDGMENT**

METROPOLITAN COMMERCIAL BANK,

                        Defendant.
-----------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated August 4, 2025, the Court, although denying MCB's motion to dismiss under Rule 12(b)(l), has granted its motion to dismiss under Rule 12(b)(6). Because the Plan Administrator was afforded the right to amend after MCB's motion to dismiss was filed, but forewent that right, the Court would be well within its discretion to make the dismissal with prejudice. See, e.g., Black v. Ganieva, No. 22-1524, 2023 WL 2317173, at *3 (2d Cir. Mar. 2, 2023) (affirming denial of leave to amend where plaintiff "failed to follow the district court's guidance that he would forgo further opportunity to amend by responding to the motions to dismiss"); Ritchie Capital Mgmt., L.L.C v. General Elec. Capital Corp., 821 F.3d 349,352 (2d Cir. 2016) (affirming denial of leave to amend where this Court's "rules explicitly state that if a party does not elect to amend within 21 days... no further opportunity to amend will ordinarily be granted"); Gallop v. Cheney, 642 F.3d 364,369 (2d Cir. 2011) (upholding dismissal of complaint with prejudice given "the absence of any indication that [plaintiff] could--or would--provide additional allegations that might lead to a different result"; "no court can be said to have erred in failing to grant a request that was not made"); Garnett v. RLX Tech. Inc., 632 F. Supp.

3d 574,615 n.26 (S.D.N.Y. 2022) (granting motion to dismiss without leave to amend where plaintiffs had opportunity to amend and had not sought leave to amend in the event of a dismissal), aff'd sub nom. Tseng v. De Vries, No. 22-2787-CV, 2023 WL 8073087 (2d Cir.Nov. 21, 2023); Tutor Perini Bldg Corp. v. NY.C Reg'l Ctr., LLC, 525 F. Supp. 3d 482,517 (S.D.N.Y. 2021) (dismissing with prejudice where party had two opportunities to amend complaint and was notified that second opportunity would be final chance to amend). A dismissal with prejudice here would be particularly justifiable given the wide spectrnm of pleading deficiencies canvassed above. The Court, however, is respectful of the interests of the Assignors. These persons elected to irrevocably assign their claims against MCB to the Plan Administrator. No doubt, they expected their legal interests to be rigorously defended. Instead, regrettably, the Plan Administrator elected to proceed, in two key respects, by impermissible shortcuts. In an action styled as an aggregation of 31,867 individual actions rather than a class action, he pied claims of And the Plan Administrator assumed, wrongly, that the pleading requirements for fraud applicable to other litigants were relaxed as to him. As reflected above, those ill-conceived approaches give rise to some (although by no means clearly all) of the fatal defects in the Complaint. Out of solicitude for the Assignors, who had every right to expect better, the Court will give the Plan Administrator a final opportunity to replead, should he determine that the facts supply a non-frivolous basis for claims against MCB. The Court's decision to dismiss without prejudice does not presuppose that the facts would permit a plausible claim to be pled against MCB. It merely empowers the Plan Administrator to examine that issue afresh. For avoidance of doubt, should the Plan Administrator bring new action(s) on behalf of any Assignor(s), the Court expects that any such action(s) will no longer aggregate dissimilar claims; that, to the extent the Plan Administrator brings claims on behalf of individual Assignors, he will plead with

distinction the facts pertaining to each plaintiff to the extent that the elements of claims require individualized showings; and that each such lawsuit will be brought in a proper forum. Also for avoidance of doubt, the Plan Administrator is to plead any new action mindful that the pleading standards applicable to other litigants equally apply to him, and that, regardless of the forum in which any ensuing action is brought, the Court's holding above to this effect is law of the case. See In re Peters, 642 F.3d 381,386 (2d Cir. 2011) ("[T]he law of the case doctrine... counsels [] court[s] against revisiting [] prior rulings" unless a compelling reason,such as "the need to correct a clear error or prevent manifest injustice" exists (citation omitted)); Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (citation omitted)); United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002) ("The law of the case doctrine therefore dictates what issues may be raised in the district court and on any subsequent appeal."); accordingly, the case is closed.

**Dated:**  New York, New York

      August 4, 2025

**TAMMI M. HELLWIG**
_____
**Clerk of Court**

**BY:**
_____
**Deputy Clerk**